# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# DELTA DIVISION

ISAIAH WILLIAMS,                                                         PETITIONER

v.                                                                              No. 2:10CV171-P-S

CHRISTOPHER EPPS, ET AL.                                        RESPONDENTS

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* petition of Isaiah Williams for a writ of *habeas corpus* under 28 U.S.C. § 2254. The state has moved to dismiss the petition as untimely filed. Williams has responded, and the matter is ripe for resolution. For the reasons set forth below, the state's motion to dismiss will be granted and the instant petition dismissed as untimely filed.

### Facts and Procedural Posture

Isaiah Williams was convicted for the sale of cocaine in the Circuit Court of Panola County, Mississippi. Williams was sentenced November 15, 2007, as a habitual offender to a term of life imprisonment in the custody of the Mississippi Department of Corrections. On August 28, 2008, the Mississippi Supreme Court affirmed Williams' conviction and sentence. (Cause No. 2007-KA-01958-SCT). Williams did not file a petition for writ of certiorari to the United States Supreme Court. Williams signed an "Application for Leave to Proceed in the Trial Court" on May 17, 2009, which was stamped as "filed" on May 21, 2009. By Order filed June 19, 2009, the Mississippi Supreme Court denied Williams' application. (Cause No. 2009-M-00810). Williams filed

a letter request for time to file a motion for rehearing, which was dismissed as untimely on September 24, 2008. Williams signed a second application for post-conviction relief on March 9, 2010, that was stamped as "filed" in the Mississippi Supreme Court on March 12, 2010. This application was denied on April 19, 2010. (Cause No. 2009-M-00810). Williams filed a motion for rehearing of the court's decision, which was denied as improper under MISS. R. APP. P. 27(g). He filed the instant federal petition for a writ of *habeas corpus* on October 4, 2010.

## One-Year Limitations Period

Decision in this case is governed by 28 U.S.C. § 2244(d), which provides:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U. S.C. § 2244(d)(1) and (2).

Williams' judgment became final on November 26, 2008 – ninety days after the state

court affirmed his judgment. (August 28, 2008, plus 90 days). *See Roberts v. Cockrell,* 319 F.3d 690 (5th Cir. 2003); *Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999); *see also* 28 U.S.C. § 2101; *Bell v. Maryland,* 378 U.S. 226, 232 (1964)) (time period in which petitioner could file a petition for writ of certiorari to Supreme Court must be considered in calculating date on which judgment becomes final). Thus, the initial deadline for Williams to seek federal *habeas corpus* relief became November 26, 2009. Williams is, however, entitled to statutory tolling under 2244(d)(2) for the period of time that his first motion for post-conviction collateral relief was pending in state court – a total of 33 days (from May 17, 2009, to June 19, 2009). This extends the federal *habeas corpus* deadline to December 29, 2009 (November 26, 2009 + 33 days).[1]

Under the "mailbox rule," the instant *pro se* federal petition for a writ of *habeas corpus* is deemed filed on the date the petitioner delivered it to prison officials for mailing to the district court. *Coleman v. Johnson,* 184 F.3d 398, 401, *reh'g and reh'g en banc denied,* 196 F.3d 1259 (5th Cir. 1999), *cert. denied,* 529 U.S. 1057, 120 S. Ct. 1564, 146 L.Ed.2d 467 (2000) (citing *Spotville v. Cain,* 149 F.3d 374, 376-78 (5th Cir. 1998)). In this case, the federal petition was filed sometime between the date it was signed on October 1, 2010, and the date it was received and stamped as "filed" in the district court on October 4, 2010. Giving the petitioner the benefit of the doubt by using the earlier date, the instant petition was filed 276 days after the December 29, 2009, filing deadline.

---

[1]Williams' letter motion to extend the deadline for rehearing does not toll the limitations period, as the letter motion was untimely and thus not properly filed. In any event, the letter motion – even if properly filed – would only toll the limitations period for 21 days, far too little to change the outcome of the present petition.

## Equitable Tolling

Williams argues in his *habeas corpus* petition that he is actually innocent of the habitual offender portion of his sentence because, according to Williams, "no hearing was conducted" on the matter. The contention is not supported in the record. A hearing regarding Williams' status as a habitual offender was held as a part of his criminal trial. During that hearing, the court accepted into evidence records from the Mississippi Department of Corrections detailing Williams' *four* prior convictions, including a conviction for attempted rape, a crime of violence. Under MISS. CODE ANN. § 99-19-83, if a criminal defendant is convicted of a felony, and he has twice before been convicted of a felony – and has served at least one year or more on those two prior felonies – and one of the felonies is a crime of violence – then the court must sentence the defendant to life imprisonment without the possibility of parole or probation.

Further, even if Williams' claim regarding the propriety of his enhanced sentence had merit, he has not met the standard required to sustain his allegation of actual innocence. While a claim of actual innocence may be a basis to toll the one-year limitations period for *habeas corpus* relief, such a claim must be supported by facts. *Felder v. Johnson,* 204 F.3d 168, 171 & n. 8 (5th Cir. 2000) (emphasis supplied). Not only has Williams failed to provide facts to substantiate his claim that he did not qualify for sentencing under MISS. CODE ANN. § 99-19-83, the record is replete with facts showing that he did, indeed, qualify for such an enhanced sentence – the very sentence imposed by the trial court. As such, Williams does not enjoy equitable tolling in this case.[2]

---

[2]The state also argues that Williams does not qualify for equitable tolling because he was not diligent in pursuing his state remedies. While that argument has merit, the court will not

Thus, as the present petition was filed 276 days beyond the federal *habeas corpus* deadline, and equitable tolling does not apply, the petition will be dismissed with prejudice and without evidentiary hearing as untimely filed under 28 U.S.C. § 2244(d). A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED,** this the 20th day of April, 2011.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE

---

discuss it in detail, given the lack of substantive merit in all of Williams' claims.